UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JULIA A. YATES, et al.,

    Plaintiffs,

v.

HANS G. FRANKE, et al.,

    Defendants.

3:19-cv-00064-RCJ-CBC

**ORDER**

This case arose by the Plaintiffs bringing breach of contract and unjust enrichment claims against the Defendants in Nevada state court. A few months after the Plaintiffs commenced the case, the Defendants filed another case based on the same dispute in Hawaii federal court. Then, the Defendants removed the Nevada state court case to this Court based on diversity jurisdiction. In an attempt to have all matters resolved in Hawaii, the Defendants filed a motion to transfer venue to Hawaii. Moving for remand, the Plaintiffs contend that the removal was improper. The only thing on which the parties agree is that they should not be here.

**I.     DEFENDANTS' MOTION FOR RELIEF FROM LATE FILING**

The Defendants filed their opposition to the Plaintiffs' Motion for Remand four days late. By filing late, the Defendants violated rule LR 7-2(b), so the Plaintiffs argue that the Court should not consider the brief. However, the Court finds that the late filing was exempted under LR 6-1(a), which allows for late filings on a showing of excusable neglect.

The Ninth Circuit has provided four factors to consider for finding excusable neglect: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial

proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Iopa v. Saltchuk-Young Bros., Ltd.*, 916 F.3d 1298, 1301 (9th Cir. 2019) (quoting *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)). Cumulatively, these factors support consideration of the filing.

Three of the four factors favor the Defendants. Turning to the first factor, the Court does not see any prejudice to the Plaintiffs by the Defendants' four-day delay. Likewise, the second factor favors excusable neglect; the four-day delay is short and did not have any impact on the judicial proceedings. Skipping to the fourth factor, the Defendants acted in good faith. The Defendants are represented by out-of-state attorneys who were relying on a software program to manage their deadlines and the program did not incorporate this Court's rules. Accordingly, the program indicated that the deadline was four days later than it was. Relying on this indication, the Defendants filed their brief four days late. These three factors favor leniency for the Defendants.

Only the third factor cuts against the Defendants position. The Defendants should have known that the opposition was due both from the publication of the Court's rules and the confirmation email provided to them, so it was within the Defendants' control. Nonetheless, the factors on a whole largely favor finding excusable neglect. Thus, the Court declines to strike the Defendants' response against the Plaintiffs' Motion for Remand.

**II. PLAINTIFFS' MOTION FOR REMAND**

As a preliminary issue, the Defendants argue that the Plaintiffs have waived their right to object to the removal since they engaged in discovery by filing a motion to compel a deposition. However, this contention is frivolous.

The Defendants rely on cases to say that whenever a plaintiff manifests assent to a court's jurisdiction after removal, then they waive their right to challenge removal. However, the cited cases do not stand for such a broad proposition. For example, the Defendants quote the following:

> To constitute a waiver or consent to the federal court's assumption of jurisdiction, however, there must be affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand, as where the party seeking remand has been unsuccessful in litigation of a substantial issue,

> such as the right to a jury trial or the right to take depositions or has filed an amended complaint seeking further or different relief from the federal court.

*Maybruck v. Haim,* 290 F. Supp. 721, 723–24 (S.D.N.Y. 1968). However, even the Defendants' quote does not support their position. There, that court required that the plaintiff lose on a substantial issue. Here, the Court has not even ruled on the Plaintiffs' discovery motion but dismissed it without prejudice to be refiled if the Court does not remand.

The Court finds that the Plaintiffs have in no way waived their rights. Nothing that they did manifested an "unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." In fact, the first filing in the docket from the Plaintiffs is the Motion to Remand, filed only nine days after the removal when they are allowed thirty. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case . . . must be made within 30 days after the filing of the notice of removal . . . ."). Accordingly, the Defendants' argument is without merit.

Turning to the substance of the Plaintiffs' motion, the Court finds that the Defendants' removal was frivolous. The Defendants are citizens of Nevada asserting diversity jurisdiction; therefore, the removal was barred by the forum defendant rule. The rule states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *Lincoln Prop.* Co. *v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."). The Defendants do not dispute that they are citizens of Nevada and that they only assert jurisdiction under 28 U.S.C. § 1332(a)—diversity jurisdiction. The analysis should be over at this point, and remand is proper under 28 U.S.C. § 1447(c).

However, the Defendants argue that the removal was proper as an exception to this general rule on the basis that the case should not have been brought to Nevada. According to them, the Nevada state court is an improper forum, because there is an indispensable party that lacks personal jurisdiction in Nevada and there is a contract provision that necessitates that disputes be brought in Hawaii. Accordingly, the Defendants filed a similar case in Hawaii federal court, removed the

Plaintiffs' Nevada state court case to this Court, and moved this Court to transfer this case to Hawaii to be consolidated there.

Notably, the Defendants only rely on part of a sentence from a district court opinion that is older than a half-century to support its position that an unincluded, indispensable party can provide adequate grounds for removal. The Defendants state, "When the citizenship of the indispensable, but current non-party . . . , is considered, then § 1441(b)(2) no longer applies . . . ." (Opp'n Mot. Remand 4:6–7, ECF No. 22.) The Defendants rely on *Helms v. Ehe*: "[I]n determining if removal is proper, include indispensable, necessary and proper parties." 279 F. Supp. 132, 133 (S.D. Tex. 1968). The Defendants are attempting to mislead the Court by not providing the context of this case. There, the court was only endeavoring to discern what constitutes "parties in interest" under the statute (i.e., whether the language includes every proper party or only indispensable ones). *Id.* The court was not considering whether the failure to join an indispensable party created adequate grounds for removal as the Defendants would have this Court believe. Overall, the Defendants were unable to provide *any* legal authority for the proposition that these contentions amount to an exception to this well-settled rule from either the statutory text or caselaw.

Indeed, the Defendants contentions only affect whether the Court should dismiss or transfer the case had it been properly filed here—not whether removal was proper. Removal is not a means to correct procedural deficiencies of a state forum; rather, removal is "intended to protect out-of-state defendants from possible prejudices in state court." *Carrillo v. Long,* No. 2:15-cv-01615-GMN-GWF, 2016 WL 1955145, at *1 (D. Nev. May 3, 2016). The Defendants concerns about the failure to join an indispensable party and the forum selection clause must be raised before the Nevada state court. In sum, the Defendants' removal was defective, and this case is not properly before the Court. Thus, the Court remands the case to the Second Judicial District Court of the State of Nevada, where it originated.

The Court finds that there was no objectively reasonable basis for the Defendants' removal, so the Court awards reasonable costs and attorney fees for Plaintiffs associated with having to litigate the removal of their case. The statutes provide that a court may award attorney fees and

costs when remanding a case improperly removed. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). This is a discretionary determination and should only be granted "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Defendants' contentions for removal are objectively unreasonable. In contravention to the statutory text and well-settled precedent, the Defendants conjured an exception that was unsupported by any legal authority to attempt to remove this case. The Court has previously found that removal of a case in violation of the forum defendant rule is objectively unreasonable and awarded attorney fees. *Olds v. Wynn Las Vegas, LLC*, No. 2:12-cv-357-RCJ-RJJ, 2012 WL 4792919, at *4 (D. Nev. Oct. 9, 2012). Thus, in the Court's discretion, the Plaintiffs' are entitled to the reasonable attorney fees and costs amounting to $1,000 for litigating the Defendants' patently defective removal to this Court.

As another basis for finding that the removal was improper, the Plaintiffs make a compelling case that the Defendants' removal was untimely.

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

///

28 U.S.C. § 1446(b)(3). Here the pleadings did not list the Plaintiffs' domiciles, but the initial disclosures presented some indication that the Plaintiffs were domiciled in Hawaii. The Defendants did not remove within thirty days of receiving the initial disclosures.

If the case was removable, then the Plaintiffs argue that their initial disclosures were sufficient to provide the necessary notice to start the thirty-day clock. The Plaintiffs rely on two documents. One of the documents is an email with a signature block that indicated that one of the Plaintiffs was a "25-year resident" of Hawaii. The other document is a webpage of the other Plaintiff's business with a Hawaiian address and a cell phone number, office number, and fax number with Hawaiian area codes. The Court declines to rule on whether these two papers were

sufficient to constitute the required notice to the Defendants, because other adequate grounds exist for granting the remand. Therefore, the Court remands this case back to Nevada state court and need not reach the merits of the Defendants' request for transfer.

### III.  CONCLUSION

IT IS HEREBY ORDERED that the Plaintiffs' Motion for Remand to State Court (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that the Defendants' Motion for Relief from Late Filing (ECF No. 25) is GRANTED.

IT IS FURTHER ORDERED that the Defendants' Motion to Change Venue (ECF No. 41) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Plaintiffs are entitled to $1,000 in reasonable attorney fees and costs incurred by the Defendants' removal of this case.

IT IS FURTHER ORDERED that the Clerk shall remand this case to the Second Judicial District Court of the State of Nevada for all further proceedings.

IT IS SO ORDERED.

Dated this 26th day of August, 2019.

_____
ROBERT C. JONES
United States District Judge